IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

JACKIE LINDSEY,                        )
                                       )
        Plaintiff,                     )        Cause No.:  11SL CC01969
                                       )
v.                                     )        Division No.:5
                                       )
HERBERT JACKSON, VILLAGE OF            )
UPLANDS PARK, KENNETH                  )        **JURY TRIAL REQUESTED**
WILLIAMS, CARMEN MCCLENDON,            )
CHARLES GAMBLE, HENRY                  )
IWENOFU, and SHIRLEY MARTIN,           )
                                       )
        Defendants.                    )

## FOURTH AMENDED PETITION

COMES NOW Plaintiff, Jackie Lindsey and for her Fourth Amended Petition against

Defendants states and alleges, as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff Jackie Lindsey is a resident of St. Louis County, Missouri.

2.      Defendant Herbert Jackson was the Police Chief of the Village of Uplands Park,

acting under color of law at all relevant times to this Petition, and in such capacity as an agent,

servant and employee of the City of Uplands Park and its police department, and was acting

under the direction and control of the City of Uplands Park Board of Trustees and/or in

conjunction with the Board of Trustees and was acting pursuant to either official policy or

custom and practice of the City of Uplands Park.

3.      Defendant Kenneth Williams at all relevant times served as an elected member of

the Village of Uplands Park's Board of Trustees and was acting under color of state law, and in

such capacity as an agent, servant and/or employee of the City of Uplands Park was responsible

Exhibit A

for creating, implementing and enforcing official police department policies and/or customs and practices either through the Board of Trustees and/or in conjunction with Herbert Jackson.

4.    Defendant Carmen McClendon at all relevant times served as an elected member of the Village of Uplands Park's Board of Trustees and was acting under color of state law, and in such capacity as an agent, servant and/or employee of the City of Uplands was responsible for creating, implementing and enforcing official police department policies and/or customs and practices either through the Board of Trustees and/or in conjunction with Herbert Jackson.

5.    Defendant Charles Gamble at all relevant times served as an elected member of the Village of Uplands Park's Board of Trustees and was acting under color of state law, and in such capacity as an agent, servant and/or employee of the City of Uplands was responsible for creating, implementing and enforcing official police department policies and/or customs and practices either through the Board of Trustees and/or in conjunction with Herbert Jackson.

6.    Defendant Henry Iwenofu at all relevant times served as an elected member of the Village of Uplands Park's Board of Trustee and was acting under color of state law, and in such capacity as an agent, servant and/or employee of the City of Uplands was responsible for creating, implementing and enforcing official police department policies and/or customs and practices either through the Board of Trustees and/or in conjunction with Herbert Jackson.

7.    Defendant Shirley Martin at all relevant times served as an elected member of the Village of Uplands Park's Board of Trustees and was acting under color of state law, and in such capacity as an agent, servant and/or employee of the City of Uplands was responsible for creating, implementing and enforcing official police department policies and/or customs and practices either through the Board of Trustees and/or in conjunction with Herbert Jackson. (Defendant Kenneth Williams, Carmen McClendon, Charles Gamble, Henry Iwenofu and

-2-

Shirley Martin collectively "Board of Trustees").

8.    Defendant Village of Uplands Park ("Uplands Park") is a municipality duly authorized under the laws of the State of Missouri.  In this cause of action, Defendant Uplands Park acted through its agents, Board of Trustees, employees and servants who were policy makers for the Uplands Park police department and were responsible for establishing policy, procedures and guidelines for the conduct of police officers, jailers and/or auxiliary personnel employed by and/or working for the police department, such as Harlan Jackson.

9.    The Plaintiff sues Defendants in their individual and official capacities.

10.    At all times relevant, Harlan Jackson was a police officer, jailer and/or auxiliary employee with the Uplands Park Police Department and was acting in such capacity as an agent, servant and employee of Upland's Park and its police department, and was acting under the direction and control of either official policy, or custom and practice of Uplands Park and its police department.

11.    On or before March, 2007 the Board of Trustees hired Herbert Jackson as the Chief of Police.

12.    Herbert Jackson and/or the Board of Trustees maintained the authority to create the Uplands Park police department, and in so doing had ultimate authority on hiring, firing, disciplining, training, supervising and staffing the police department.

13.    Prior to hiring Herbert Jackson, per the Uplands Park official policy, custom and/or practice, the Board of Trustees either did not perform a criminal background check of Herbert Jackson and/or ignored the results of the background check of Herbert Jackson prior to hiring Herbert Jackson as police chief.

14.    Prior to hiring Herbert Jackson, per the Uplands Park official policy, custom and/or practice, the Board of Trustees either did not investigate Herbert Jackson's background, previous employment and/or references and/or ignored the results of such investigation prior to hiring Herbert Jackson as police chief.

15.    Prior to being hired by Uplands Park as the Police Chief, Herbert Jackson was terminated from his prior position as the Chief of Police for Velda City for, among other reasons, being charged and found guilty of knowingly granting commission to police officers without a valid license.

16.    That on or about March 24, 2007 Defendant Herbert Jackson was the acting Police Chief and an employee of Uplands Park in the County of St. Louis, State of Missouri.

17.    That on or before the aforementioned date, The Village of Uplands Park maintained a policy of liability insurance for tort claims such as the claims contained herein as well as others. Thus there is an absolute and complete waiver of any and all potential immunities, which any and all defendants named herein may assert.

18.    That on or before the aforementioned date, Defendants granted and/or continued the commission of police officer to Harlan Jackson, who was not validly licensed for such commission in violation of Missouri law, § 590.195, RSMo 2005, and that Harlan Jackson was employed by Uplands Park Police Department on March 24, 2007.  Further, that Harlan Jackson had dangerous proclivities when hired and/or retained and that Defendants knew or should have known of said proclivities.

19.    Prior to hiring Harlan Jackson, per the Uplands Park policy, custom and practice, through the Board of Trustees and/or Herbert Jackson and/or police officers, jailers and/or

-4-

auxiliary personnel of the Uplands Police Department, Defendants either did not performed a background check of Harlan Jackson and/or ignored the findings of the background check.  Prior to being hired by Uplands Park, Harlan Jackson had been arrested and convicted of numerous crimes, including violent crimes against women.

20.    On or about March 24, 2007 Harlan Jackson was hired as a police officer, jailer and/or auxiliary employee for the Uplands Park police department.  Harlan Jackson was unlicensed and untrained.

21.    While in the course of his duties, Harlan Jackson wore a badge, carried a weapon and accompanied Uplands Park police officers on patrol.

22.    While in the course of his duties, Harlan Jackson dressed as an Uplands Park police officer.

23.    On March 24, 2007 while on patrol, Harlan Jackson spotted Plaintiff's car, and knowing it was Plaintiff's car, pulled Plaintiff over as she drove through Uplands Park.

24.    Harlan Jackson was on duty, in uniform and armed with a weapon and was acting under the color of state law.

25.    After being pulled over it was discovered that Plaintiff had outstanding traffic tickets and was therefore detained for said outstanding traffic tickets.

26.    Plaintiff Jackie Lindsey was transported to the Uplands Park jail and detained at the Police Station by Harlan Jackson.

27.    Harlan Jackson, an unlicensed police officer, jailer and/or auxiliary employee, with a history of violence against women, was left alone at the jail with Plaintiff.

28.    Conforming to his known predilections for violence against women, Harlan Jackson sexually assaulted Plaintiff forcibly touching her breasts, buttocks and genitals with his hands, fingers and mouth.  Harlan Jackson, through the use of physical force, threats and intimidation forced Plaintiff to engage in various acts of sexual contact without her consent or permission.

29.    That on or about August 18, 2008 Harlan Jackson pled guilty to one count of sexual contact with a prisoner, a Class D Felony, arising out of the March 24, 2007 sexual assault of Plaintiff.

## COUNT I

COMES NOW Plaintiff, Jackie Lindsey, in Count I of this Fourth Amended Petition and for her claim and cause of action against Defendant, Herbert Jackson, states and alleges, as follows:

30.    Plaintiff realleges and repleads each and every allegation contained in paragraphs 1 through 29 of this Petition as if fully set out herein.

31.    That as a direct and proximate result of the reckless and negligent hiring, retention, staffing, supervision, training and dangerous condition of the jail property, as more fully hereinafter set out, Plaintiff was caused great physical, emotional, and psychological injuries which directly and proximately resulted from the reckless and negligence of the Defendant Herbert Jackson in the following manner, to wit:

(a)    As a matter of both policy and practice, not requiring Police officers, jailers and/or auxiliary personnel to undergo training;

(b)    As a matter of both policy and practice, not providing adequate

-6-

supervision over unlicensed Police officers, jailers and/or auxiliary personnel;

(c)      As a matter of both policy and practice, failing to adequately staff the jail and permitting female detainees to be left alone with untrained and unlicensed Police officers, jailers and/or auxiliary personnel;

(d)      As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel discretion to participate in police activities, including patrols, and to determine which motor vehicles to pull over for traffic stops;

(e)      As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to dress as police officers and represent themselves to be police officers;

(f)      As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to carry a weapon;

(g)      As a matter of both policy and practice, not requiring background checks to be performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(h)      As a matter of both policy and practice, ignoring the results of background and criminal checks performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel; including, negligently hiring and/or negligently retaining Harlan Jackson, in that Jackson had dangerous proclivities, including a criminal history of violence against women, when hired and Defendant Herbert Jackson knew or should have known of said proclivities at the time of hire and/or failed to ascertain same;

(i)    Herbert Jackson, negligently granted and/or negligently retained the commission of police officer, jailer and/or auxiliary personnel to Harlan Jackson, who was not validly licensed for such commission or, alternatively, Herbert Jackson negligently allowed Harlan Jackson to undertake the duties of a police officer when he was not, in fact, a police officer all in violation of Missouri law, § 590.195, RSMo 2005, and thus was negligent per se;

(j)    As a matter of both policy and practice, failing to undertake adequate internal affairs investigations, thereby encouraging Uplands Park police officers, jailers and auxiliary personnel to believe their actions are above scrutiny which in turn encourages a pattern of abuse such as those that affected and befell Plaintiff; and

(k)    As a matter of both policy and practice, encouraging the type of misconduct at issue by failing to adequately train, supervise and control its police officers, jailers and auxiliary personnel, as well as hiring and retaining police officers, jailers and auxiliary personnel without adequate background checks or pre-hire screening and with deliberate indifference to the fact that such individuals are not qualified to work for the police department due to a lack of training, criminal history or violent and reckless tendencies.

32.    At the time of Plaintiff's detention at the Uplands Park jail, the jail was in a dangerous condition in that:

(a)    The jail was secluded from the view of the public and other employees, staff, visitors of City Hall and other third parties in that it was entirely confined to a windowless basement of City Hall. The heightened seclusion emboldened police officers, jailers and auxiliary personnel to believe that their actions would not be witnessed and that they were above scrutiny which in turn encouraged a pattern of abuse such as those that affected and befell Plaintiff ; and

-8-

(b)    The jail was not equipped with video cameras or television surveillance equipment resulting in police officers, jailers and auxiliary personnel being entirely unsupervised or monitored when not in direct view of a supervisor or supervising officer; and

(c)    Female detainees were left alone with untrained and unlicensed police officers, jailers and auxiliary personnel who possessed violent criminal records, including records of violence against women.

33.    The dangerous condition of the jail, which was negligently created by Defendants and which Defendants had notice of, created a reasonably foreseeable risk of the type of harm sustained by the Plaintiff.

34.    Despite notice of the dangerous condition, Defendants failed to use ordinary care to remedy said condition.

35.    That as a direct and proximate result of the dangerous condition of the jail property, training and negligent hiring, retention, supervision, and staffing of Harlan Jackson by Defendant Herbert Jackson and negligence per se, as aforesaid, Plaintiff suffered from severe major depression, post-traumatic stress disorder, significant sleep disturbance, paranoia, social isolation, significant anxiety, and mental anguish.

36.    That Plaintiff's psychological, social, and mental functioning has been and will be in the future greatly impaired and diminished in all areas of her life, and Plaintiff's ability to work and to labor has been greatly impaired and diminished and that all of the Plaintiff's injuries, effects, and results thereof are permanent and progressive.

37.    That as a direct and proximate result of the said occurrence and injuries sustained by Plaintiff, Plaintiff has been caused to incur medical expenses for doctors, medical institutions,

and prescriptions, the exact amount of which cannot be definitely ascertained at this time, and will in the future be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time.

38.    The acts and/or omissions of Defendant Herbert Jackson were committed willfully, wantonly, and in gross disregard for the rights of Plaintiff and constitute outrageous conduct and aggravating circumstances entitling Plaintiff to punitive damages.

39.    Herbert Jackson's failure to hire, train, supervise, staff, control and discipline Upland Park's officers and employees within the Uplands Police Department was unreasonable and the Defendant is not entitled to qualified or sovereign immunity under Missouri or Federal law.

WHEREFORE, Plaintiff prays in Count I of this Fourth Amended Petition for judgment against Defendant Herbert Jackson for a fair and reasonable sum in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), together with her costs and attorney fees expended herein. Further, Plaintiff prays for punitive damages and for any other relief this court deems just and proper.

## COUNT II

COMES NOW Plaintiff, Jackie Lindsey, in Count II of this Fourth Amended Petition and for her claim and cause of action against Defendant, Village of Uplands Park, states and alleges, as follows:

40.    Plaintiff realleges and repleads each and every allegation contained in paragraphs 1 through 39 of this Petition as if fully set out herein.

41.    That on or before the aforementioned date, Defendant Uplands Park granted and/or continued the commission of police officer, jailer and/or auxiliary personnel to Harlan

Jackson, who was not validly licensed for such commission in violation of Missouri law, §

590.195, RSMo 2005, and that Harlan Jackson was employed by Uplands Park Police

Department on March 24, 2007.  Further, that Harlan Jackson had dangerous proclivities,

including a criminal history of violence against women when Defendant Uplands Park hired

and/or retained Harlan Jackson and that Defendant Uplands Park knew or should have known of

said proclivities.

42.    That on or about the aforementioned date, Plaintiff Jackie Lindsey was detained at

the Uplands Park Police Station by Harlan Jackson.

43.    That on or about the aforementioned date, Harlan Jackson sexually assaulted

Plaintiff at the aforementioned police station.

44.    On or about August 18, 2008 Harlan Jackson pled guilty to one count of

sexual contact with a prisoner, a Class D Felony, arising out of the March 24, 2007 sexual assault

of Plaintiff.

45.    That as a direct and proximate result of the dangerous condition of the jail,

reckless and negligent hiring, retention, supervision, staffing and training by Defendant Uplands

Park, by and through Board of Trustees, its employees, agents and servants, Plaintiff was caused

great physical, emotional, and psychological injuries which directly and proximately resulted

from the carelessness and negligence of the Defendant Uplands Park in the following manner:

(a)    As a matter of both policy and practice, not requiring Police officers,

jailers and/or auxiliary personnel to undergo training;

(b)    As a matter of both policy and practice, not providing adequate

supervision over unlicensed Police officers, jailers and/or auxiliary personnel;

(c)      As a matter of both policy and practice, failing to adequately staff the jail and permitting female detainees to be left alone with untrained and unlicensed Police officers, jailers and/or auxiliary personnel;

(d)      As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel discretion to participate in police activities, including patrols, and to determine which motor vehicles to pull over for traffic stops;

(e)      As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to dress as police officers and represent themselves to be police officers;

(f)      As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to carry a weapon;

(g)      As a matter of both policy and practice, not requiring background checks to be performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(h)      As a matter of both policy and practice, ignoring the results of background and criminal checks performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel; including, negligently hiring and/or negligently retaining Harlan Jackson, in that Jackson had dangerous proclivities, including a criminal history of violence against women, when hired and Defendant Herbert Jackson knew or should have known of said proclivities at the time of hire and/or failed to ascertain same;

(i)      Herbert Jackson, negligently granted and/or negligently retained the commission of police officer, jailer and/or auxiliary personnel to Harlan Jackson, who was not

validly licensed for such commission or, alternatively, Herbert Jackson negligently allowed Harlan Jackson to undertake the duties of a police officer when he was not, in fact, a police officer all in violation of Missouri law, § 590.195, RSMo 2005, and thus was negligent per se;

      (j)    As a matter of both policy and practice, failing to undertake adequate internal affairs investigations, thereby encouraging Uplands Park police officers, jailers and auxiliary personnel to believe their actions are above scrutiny which in turn encourages a pattern of abuse such as those that affected and befell Plaintiff; and

      (k)    As a matter of both policy and practice, encouraging the type of misconduct at issue by failing to adequately train, supervise and control its police officers, jailers and auxiliary personnel, as well as hiring and retaining police officers, jailers and auxiliary personnel without adequate background checks or pre-hire screening and with deliberate indifference to the fact that such individuals are not qualified to work for the police department due to a lack of training, criminal history or violent and reckless tendencies;

    46.    At the time of Plaintiff's detention at the Uplands Park jail, the jail was in a dangerous condition in that:

      (a)    The jail was secluded from the view of the public and other employees, staff, visitors of City Hall and other third parties in that it was entirely confined to a windowless basement of City Hall.  The heightened seclusion emboldened police officers, jailers and auxiliary personnel to believe that their actions would not be witnessed and that they were above scrutiny which in turn encouraged a pattern of abuse such as those that affected and befell Plaintiff ; and

      (b)    The jail was not equipped with video cameras or television surveillance

equipment resulting in police officers, jailers and auxiliary personnel being entirely unsupervised or monitored when not in direct view of a supervisor or supervising officer; and

(c)    Female detainees were left alone with untrained and unlicensed police officers, jailers and auxiliary personnel who possessed violent criminal records, including records of violence against women.

47.    The dangerous condition of the jail, which was negligently created by Defendants and which Defendants had notice of, created a reasonably foreseeable risk of the type of harm sustained by the Plaintiff.

48.    Despite notice of the dangerous condition, Defendants failed to use ordinary care to remedy said condition.

49.    That as a direct and proximate result of the dangerous condition of the jail property, negligent training, hiring, retention, supervision, and staffing of Harlan Jackson by Defendant Uplands Park, by and through its Board of Trustees, its employees, agents and servants, Plaintiff suffered from severe major depression, post-traumatic stress disorder, significant sleep disturbance, paranoia, social isolation, significant anxiety, and mental anguish.

50.    That Plaintiff's psychological, social, and mental functioning has been and will be in the future greatly impaired and diminished in all areas of her life, and Plaintiff's ability to work and to labor has been greatly impaired and diminished and that all of the Plaintiff's injuries, effects, and results thereof are permanent and progressive.

51.    That as a direct and proximate result of the said occurrence and injuries sustained by Plaintiff, Plaintiff has been caused to incur medical expenses for doctors, medical institutions, and prescriptions, the exact amount of which cannot be definitely ascertained at this time, and

will in the future be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time.

52.    That the acts and/or omissions of Defendant Uplands Park, by and through Board of Trustees, its employees, agents and servants, were committed willfully, wantonly, and in gross disregard for the rights of Plaintiff and constitute outrageous conduct and aggravating circumstances entitling Plaintiff to punitive damages.

53.    Upland Park's failure to hire, train, supervise, staff, control and discipline its employees and staff in the Upland Park police department was unreasonable and the Defendant is not entitled to qualified or sovereign immunity under Missouri or Federal law.

WHEREFORE, Plaintiff prays in Count II of this Fourth Amended Petition for judgment against Defendant Village of Uplands Park for a fair and reasonable sum in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), together with her costs and attorney fees expended herein. Further, Plaintiff prays for punitive damages and for any other relief this court deems just and proper.

## COUNT III

COMES NOW Plaintiff, Jackie Lindsey, in Count III of this Fourth Amended Petition and for her claim and cause of action against Board of Trustees states and alleges, as follows:

54.    Plaintiff realleges and repleads each and every allegation contained in paragraphs 1 through 53 of this Petition as if fully set out herein.

55.    That on or about March 24, 2007 Board of Trustees, collectively and individually, served as elected members of the Village of Uplands Park's Board of Trustees in the County of St. Louis, State of Missouri, with Carmen McClendon serving as Chairperson.

56.    That on or before the aforementioned date, Board of Trustees, collectively and individually, granted and/or continued the commission of police officer, jailer and/or auxiliary personnel to Harlan Jackson, who was not validly licensed for such commission in violation of Missouri law, § 590.195, RSMo 2005, and that Harlan Jackson was employed by the Uplands Park Police Department on March 24, 2007. Further, that Harlan Jackson had dangerous proclivities when the Board of Trustees, collectively and individually, hired and/or retained Harlan Jackson and that the Board of Trustees, collectively and individually, knew or should have known of said proclivities.

57.    That on or about the aforementioned date, Plaintiff Jackie Lindsey was detained at the Uplands Park Police Station by Harlan Jackson.

58.    That on or about the aforementioned date, Harlan Jackson sexually assaulted Plaintiff at the Uplands Park police station.

59.    That on or about August 18, 2008 Harlan Jackson pled guilty to one count of sexual contact with a prisoner, a Class D Felony, arising out of the March 24, 2007 sexual assault of Plaintiff.

60.    That as a direct and proximate result of the dangerous condition of the jail, reckless and negligent hiring, retention, supervision, staffing and training of Harlan Jackson by Board of Trustees, collectively and individually, Plaintiff was caused great physical, emotional, and psychological injuries, which directly and proximately resulted from the reckless and negligence of the Board of Trustees, collectively and individually, in the following manner, to wit:

(a)    As a matter of both policy and practice, not requiring Police officers,

-16-

jailers and/or auxiliary personnel to undergo training;

(b)    As a matter of both policy and practice, not providing adequate supervision over unlicensed Police officers, jailers and/or auxiliary personnel;

(c)    As a matter of both policy and practice, failing to adequately staff the jail and permitting female detainees to be left alone with untrained and unlicensed Police officers, jailers and/or auxiliary personnel;

(d)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel discretion to participate in police activities, including patrols, and to determine which motor vehicles to pull over for traffic stops;

(e)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to dress as police officers and represent themselves to be police officers;

(f)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to carry a weapon;

(g)    As a matter of both policy and practice, not requiring background checks to be performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(h)    As a matter of both policy and practice, ignoring the results of background and criminal checks performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel; including, negligently hiring and/or negligently retaining Harlan Jackson, in that Jackson had dangerous proclivities, including a criminal history of violence

against women, when hired and Defendant Herbert Jackson knew or should have known of said proclivities at the time of hire and/or failed to ascertain same;

(i)    Board of Trustees negligently granted and/or negligently retained the commission of police officer, jailer and/or auxiliary personnel to Harlan Jackson, who was not validly licensed for such commission or, alternatively, Herbert Jackson negligently allowed Harlan Jackson to undertake the duties of a police officer when he was not, in fact, a police officer all in violation of Missouri law, § 590.195, RSMo 2005, and thus was negligent per se;

(j)    As a matter of both policy and practice, failing to undertake adequate internal affairs investigations, thereby encouraging Uplands Park police officers, jailers and auxiliary personnel to believe their actions are above scrutiny which in turn encourages a pattern of abuse such as those that affected and befell Plaintiff; and

(k)    As a matter of both policy and practice, encouraging the type of misconduct at issue by failing to adequately train, supervise and control its police officers, jailers and auxiliary personnel, as well as hiring and retaining police officers, jailers and auxiliary personnel without adequate background checks or pre-hire screening and with deliberate indifference to the fact that such individuals are not qualified to work for the police department due to a lack of training, criminal history or violent and reckless tendencies;.

61.    At the time of Plaintiff's detention at the Uplands Park jail, the jail was in a dangerous condition in that:

(a)    The jail was secluded from the view of the public and other employees, staff, visitors of City Hall and other third parties in that it was entirely confined to a windowless basement of City Hall.  The heightened seclusion emboldened police officers, jailers and

auxiliary personnel to believe that their actions would not be witnessed and that they were above

scrutiny which in turn encouraged a pattern of abuse such as those that affected and befell

Plaintiff ; and

      (b)    The jail was not equipped with video cameras or television surveillance

equipment resulting in police officers, jailers and auxiliary personnel being entirely unsupervised

or monitored when not in direct view of a supervisor or supervising officer; and

      (c)    Female detainees were left alone with untrained and unlicensed police

officers, jailers and auxiliary personnel who possessed violent criminal records, including

records of violence against women.

     62.    The dangerous condition of the jail, which was negligently created by Defendants

and which Defendants had notice of, created a reasonably foreseeable risk of the type of harm

sustained by the Plaintiff.

     63.    Despite notice of the dangerous condition, Defendants failed to use ordinary care

to remedy said condition.

     64.    That as a direct and proximate result of the dangerous condition of the jail

property, negligent training, hiring, retention, supervision, and staffing of Harlan Jackson by

Defendants, by and through its Board of Trustees, its employees, agents and servants, Plaintiff

suffered from severe major depression, post-traumatic stress disorder, significant sleep

disturbance, paranoia, social isolation, significant anxiety, and mental anguish.

     65.    That Plaintiff's psychological, social, and mental functioning has been and

will be in the future greatly impaired and diminished in all areas of her life, and Plaintiff's ability

to work and to labor has been greatly impaired and diminished and that all of the Plaintiff's

injuries, effects, and results thereof are permanent and progressive.

66.    That as a direct and proximate result of the said occurrence and injuries sustained by Plaintiff, Plaintiff has been caused to incur medical expenses for doctors, medical institutions, and prescriptions, the exact amount of which cannot be definitely ascertained at this time, and will in the future be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time.

67.    That the acts and/or omissions of Defendant were committed willfully, wantonly, and in gross disregard for the rights of Plaintiff and constitute outrageous conduct and aggravating circumstances entitling Plaintiff to punitive damages

68.    Board of Trustees' failure to hire, train, supervise, staff, control and discipline Upland Park's police officers, jailers and auxiliary personnel was unreasonable and the Defendant is not entitled to qualified or sovereign immunity under Missouri or Federal law

WHEREFORE, Plaintiff prays in Count III of this Fourth Amended Petition for judgment against Defendants, Kenneth Williams, Carmen McClendon, Charles Gamble, Henry Iwenofu, and Shirley Martin, collectively and individually, for a fair and reasonable sum in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), together with her costs and attorney fees expended herein. Further, Plaintiff prays for punitive damages and for any other relief this court deems just and proper.

## COUNT IV

COMES NOW Plaintiff, Jackie Lindsey, in Count IV of this Fourth Amended Petition and for her claim and cause of action against Board of Trustees states and alleges, as follows:

69.    Plaintiff realleges and repleads each and every allegation contained in paragraphs 1 through 68 of this Petition as if fully set out herein.

70.    Counts IV through VI are for damages for violation of Plaintiff's constitutional rights brought pursuant to 42 U.S.C. §1983.  Plaintiff Jackie Lindsey alleges that Defendants illegally and falsely arrested her, used excessive force and further deprived her of her constitutional rights under the Fourth and Fourteenth Amendment of the Constitution of America.  Plaintiff further alleges that Defendants maintained policies, practices and customs demonstrating deliberate and complete indifference to the constitutional rights of its citizens, and that said conduct caused the deprivation of Plaintiff's rights secured under the United States Constitution, the laws of the United States and the laws of the State of Missouri.

71.    In committing the acts complained of herein, Defendants acted under color of law to deprive Plaintiff of certain constitutional rights protected under the Fourth and Fourteenth Amendment, but not limited to: a) the right to be free from unreasonable search and seizure; b) the right to be free from false arrest; c) the right to be free from use of excessive force and freedom from bodily harm; d) the right to be free from unreasonable intrusion on one's bodily integrity; and e) engaging in conduct of abuse of power and authority which shocks the conscience and offends human dignity.

72.    At all times relevant, Harlan Jackson as a police officer, jailer and/or auxiliary employee with the Uplands Park Police Department was acting under the direction and control of the City of Uplands and Board of Trustees, which acted through its agents and employees who were responsible for making policy for the police department, its officers and operations and Harlan Jackson was acting pursuant either official policy or the practice, custom, and usage of Uplands Park and its police department.

73.    Acting under color of law, by and through the Board of Trustees as policy makers for Uplands Park, and pursuant to official policy or custom and practice, the Board of Trustees

and Uplands Park intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of Uplands Park failed to hire, instruct, train, supervise, control and/or discipline, on a continuing basis, Harlan Jackson and other Upland Park police, jailers and auxiliary personnel in the performance of their duties, which resulted in the direct deprivation of the Plaintiff's constitutional rights.  The policies, practices, customs and usage of the Board of Trustees and Upland Park directly caused and were the moving force of the constitutional violations inflicted on Plaintiff, including:

(a)     As a matter of both policy and practice, not requiring Police officers, jailers and/or auxiliary personnel to undergo training;

(b)     As a matter of both policy and practice, not providing adequate supervision over unlicensed Police officers, jailers and/or auxiliary personnel;

(c)     As a matter of both policy and practice, failing to adequately staff the jail and permitting female detainees to be left alone with untrained and unlicensed Police officers, jailers and/or auxiliary personnel;

(d)     As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel discretion to participate in police activities, including patrols, and to determine which motor vehicles to pull over for traffic stops;

(e)     As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to dress as police officers and represent themselves to be police officers;

(f)     As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to carry a weapon;

(g)    As a matter of both policy and practice, not requiring background checks to be performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(h)    As a matter of both policy and practice, ignoring the results of background and criminal checks performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(i)    Board of Trustees negligently granted and/or negligently retained the commission of police officer, jailer and/or auxiliary personnel to Harlan Jackson, who was not validly licensed for such commission or, alternatively, Herbert Jackson negligently allowed Harlan Jackson to undertake the duties of a police officer when he was not, in fact, a police officer all in violation of Missouri law, § 590.195, RSMo 2005, and thus was negligent per se;

(j)    As a matter of both policy and practice, failing to undertake adequate internal affairs investigations, thereby encouraging Uplands Park police officers, jailers and auxiliary personnel to believe their actions are above scrutiny which in turn encourages a pattern of abuse such as those that affected and befell Plaintiff; and

(k)    As a matter of both policy and practice, encouraging the type of misconduct at issue by failing to adequately train, supervise and control its police officers, jailers and auxiliary personnel, as well as hiring and retaining police officers, jailers and auxiliary personnel without adequate background checks or pre-hire screening and with deliberate indifference to the fact that such individuals are not qualified to work for the police department due to a lack of training, criminal history or violent and reckless tendencies;

74.    Defendants' failure to properly hire, train, supervise, staff and discipline its

officers, jailers and/or auxiliary personnel resulted in an atmosphere where the use of excessive

force, physical abuse and sexual abuse by its officers is routinely accepted and its officers are led

to believe that their actions and their use of improper and illegal force will not be scrutinized.

This atmosphere leads to abuse by these officers, jailers and/or auxiliary personnel, such as that

which occurred in the instant case. Upland Park's failure to hire, train, supervise, staff, control

and discipline its officers was unreasonable and the Defendant is not entitled to qualified or

sovereign immunity under Missouri or Federal law.

75.     The Board of Trustees and/or the Chief of Police had final decision making

authority to establish municipal policy, practice and custom.

76.     The Board of Trustees and/or the Chief of Police instituted policies, practices and

customs relating to hiring, firing, training, supervision and staffing of police officers, jailers

and/or auxiliary personnel.

77.     The aforementioned policies, practices, customs and procedures by the Board of

Trustees demonstrate a deliberate indifference to the constitutional rights of citizens.

78.     By the actions described above, the Defendants, acting under color of law,

directly lead to the deprivation of Plaintiff's right to be free from false arrest, excessive force,

free from bodily harm and unreasonable intrusion of one's bodily integrity.

79.     In the event that Plaintiff prevails, she is also entitled to an award of attorney's

fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for a fair and reasonable sum in excess of TWENTY-

FIVE THOUSAND DOLLARS, ($25,000.00), together with her costs and attorney fees

expended herein, including attorney's fees. Further, Plaintiff prays for punitive damages and for

any other relief this court deems just and proper.

## COUNT V

COMES NOW Plaintiff, Jackie Lindsey, in Count V of this Fourth Amended Petition and for her claim and cause of action against Defendant, Herbert Jackson, states and alleges, as follows:

80.    Plaintiff realleges and repleads each and every allegation contained in paragraphs 1 through 79 of this Petition as if fully set out herein.

81.    In committing the acts complained of herein, Herbert Jackson acted under color of law to deprive Plaintiff of certain constitutional rights protected under the Fourth and Fourteenth Amendment, but not limited to: a) the right to be free from unreasonable search and seizure; b) the right to be free from false arrest; c) the right to be free from use of excessive force and freedom from bodily harm; d) unreasonable intrusion on one' bodily integrity; and e) engaging in conduct of abuse of power and authority which shocks the conscience and offends human dignity.

82.    Herbert Jackson and/or the Board of Trustees had final decision making authority to establish municipal policy, practice and custom.

83.    Herbert Jackson and/or the Board of Trustees instituted policies, practices and customs relating to the hiring, firing, training, supervision and/or staffing of police officers, jailers and auxiliary personnel.

84.    Herbert Jackson and/or the Board of Trustees instituted policies, practices and customs related to the hiring of unlicensed and untrained individuals in the police department.

85.    Herbert Jackson and/or the Board of Trustees instituted policies, practices and customs permitting auxiliary personnel to dress like police officers, represent themselves to be police officers and carry weapons.

86.    Herbert Jackson and/or the Board of Trustees established policies, practices and customs that caused and was the moving force of the constitutional violations inflicted on Plaintiff, including:

(a)    As a matter of both policy and practice, not requiring Police officers, jailers and/or auxiliary personnel to undergo training;

(b)    As a matter of both policy and practice, not providing adequate supervision over unlicensed Police officers, jailers and/or auxiliary personnel;

(c)    As a matter of both policy and practice, failing to adequately staff the jail and permitting female detainees to be left alone with untrained and unlicensed Police officers, jailers and/or auxiliary personnel;

(d)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel discretion to participate in police activities, including patrols, and to determine which motor vehicles to pull over for traffic stops;

(e)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to dress as police officers and represent themselves to be police officers;

(f)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to carry weapons;

(g)     As a matter of both policy and practice, not requiring background checks to be performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(h)     As a matter of both policy and practice, ignoring the results of background and criminal checks performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(i)     Herbert Jackson negligently granted and/or negligently retained the commission of police officer, jailer and/or auxiliary personnel to Harlan Jackson, who was not validly licensed for such commission or, alternatively, Herbert Jackson negligently allowed Harlan Jackson to undertake the duties of a police officer when he was not, in fact, a police officer all in violation of Missouri law, § 590.195, RSMo 2005, and thus was negligent per se;

(j)     As a matter of both policy and practice, failing to undertake adequate internal affairs investigations, thereby encouraging Uplands Park police officers, jailers and auxiliary personnel to believe their actions are above scrutiny which in turn encourages a pattern of abuse such as those that affected and befell Plaintiff; and

(k)     As a matter of both policy and practice, encouraging the type of misconduct at issue by failing to adequately train, supervise and control its police officers, jailers and auxiliary personnel, as well as hiring and retaining police officers, jailers and auxiliary personnel without adequate background checks or pre-hire screening and with deliberate indifference to the fact that such individuals are not qualified to work for the police department due to a lack of training, criminal history or violent and reckless tendencies;

87.     Defendants' failure to properly hire, train, supervise, staff and discipline its police

officers, jailers and auxiliary personnel resulted in an atmosphere where the use of excessive force, physical abuse and sexual abuse by its officers is routinely accepted and its officers are led to believe that their actions and their use of improper and illegal force will not be scrutinized. This atmosphere leads to abuse by these officers, such as that which occurred in the instant case. Upland Park's failure to hire, train, supervise, staff, control and discipline its officers was unreasonable and the Defendant is not entitled to qualified or sovereign immunity under Missouri or Federal law.

88.    The Board of Trustees and/or the Chief of Police had final decision making authority to establish municipal policy, practice and custom.

89.    The aforementioned policies, practices, customs and procedures by the Board of Trustees demonstrate a deliberate indifference to the constitutional rights of citizens.

90.    By the actions described above, the Defendants, acting under color of law, directly lead to the deprivation Plaintiff's right to be free from false arrest, excessive force, free from bodily harm and unreasonable intrusion of one's bodily integrity.

91.    In the event that Plaintiff prevails, she is also entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for a fair and reasonable sum in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), together with her costs expended herein, including attorney's fees. Further, Plaintiff prays for punitive damages and for any other relief this court deems just and proper.

## COUNT VI

COMES NOW Plaintiff, Jackie Lindsey, in Count VI of this Fourth Amended Petition

and for her claim and cause of action against Defendant, The Village of Uplands Park states and alleges, as follows:

92.     Plaintiff realleges and repleads each and every allegation contained in paragraphs 1 through 91 of this Petition as if fully set out herein.

93.     At all times relevant, Harlan Jackson as a police officer, jailer and/or auxiliary employee with Uplands Park Police Department was acting under the direction and control of the City of Uplands, which acted through its agents and employees who were responsible for making policy for the police department, its officers and operations and Harlan Jackson was acting pursuant either official policy or the practice, custom, and usage of Uplands Park and its police department.

94.     Acting under color of law, by and through the policy makers of Uplands Park, and pursuant to official policy or custom and practice of Uplands Park, Uplands Park intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the City of Upland Park failed to hire, instruct, train, staff, supervise, control and/or discipline, on a continuing basis, Harlan Jackson and other Upland Park police, jailers and auxiliary personnel in the performance of their duties, which resulted in the direct deprivation of the Plaintiff's constitutional rights. The policies, practices, and customs of Upland Park directly caused and were the moving force of the constitutional violations inflicted on Plaintiff, including:

(a)     As a matter of both policy and practice, not requiring Police officers, jailers and/or auxiliary personnel to undergo training;

(b)     As a matter of both policy and practice, not providing adequate supervision over unlicensed Police officers, jailers and/or auxiliary personnel;

-29-

(c)    As a matter of both policy and practice, failing to adequately staff the jail and permitting female detainees to be left alone with untrained and unlicensed Police officers, jailers and/or auxiliary personnel;

(d)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel discretion to participate in police activities, including patrols, and to determine which motor vehicles to pull over for traffic stops;

(e)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to dress as police officers and represent themselves to be police officers;

(f)    As a matter of both policy and practice, permitting untrained and unlicensed Police officers, jailers and/or auxiliary personnel to carry weapons;

(g)    As a matter of both policy and practice, not requiring background checks to be performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(h)    As a matter of both policy and practice, ignoring the results of background and criminal checks performed on members of the police force, including, Police officers, jailers and/or auxiliary personnel;

(i)    Uplands Park negligently granted and/or negligently retained the commission of police officer, jailer and/or auxiliary personnel to Harlan Jackson, who was not validly licensed for such commission or, alternatively, Herbert Jackson negligently allowed Harlan Jackson to undertake the duties of a police officer when he was not, in fact, a police officer all in violation of Missouri law, § 590.195, RSMo 2005, and thus was negligent per se;

-30-

   (j) As a matter of both policy and practice, failing to undertake adequate internal affairs investigations, thereby encouraging Uplands Park police officers, jailers and auxiliary personnel to believe their actions are above scrutiny which in turn encourages a pattern of abuse such as those that affected and befell Plaintiff; and

   (k) As a matter of both policy and practice, encouraging the type of misconduct at issue by failing to adequately train, supervise and control its police officers, jailers and auxiliary personnel, as well as hiring and retaining police officers, jailers and auxiliary personnel without adequate background checks or pre-hire screening and with deliberate indifference to the fact that such individuals are not qualified to work for the police department due to a lack of training, criminal history or violent and reckless tendencies;

  95. Defendants' failure to properly hire, train, supervise, staff and discipline its police officers, jailers and auxiliary personnel resulted in an atmosphere where the use of excessive force, physical abuse and sexual abuse by its police officers, jailers and auxiliary personnel is routinely accepted and its officers are led to believe that their actions and their use of improper and illegal force will not be scrutinized. This atmosphere leads to a spiral of abuse by these police officers, jailers and auxiliary personnel, such as that which occurred in the instant case. Upland Park's failure to hire, train, supervise, staff, control and discipline its police officers, jailers and auxiliary personnel was unreasonable and the Defendant is not entitled to qualified or sovereign immunity under Missouri or Federal law.

  96. The aforementioned policies, practices, customs and procedures demonstrate a deliberate indifference to the constitutional rights of citizens.

  97. By the actions described above, the Defendants, acting under color of law, deprived Plaintiff of her right to be free from false arrest, excessive force, free from bodily harm

and unreasonable intrusion of one's bodily integrity under the Fourth and Fourteenth

Amendments of the Constitution of the United States and Plaintiff is entitled to bring this cause

of action under 42 USC § 1983.  Furthermore, Upland Park's actions as described herein were

wanton, willful and carried out in a reckless disregard for the safety and well being of others,

warranting the imposition of punitive damages.

     98.     In the event that Plaintiff prevails, she is also entitled to an award of attorney's

fees and costs pursuant to 42 U.S.C. § 1983.

     WHEREFORE, Plaintiff prays for a fair and reasonable sum in excess of TWENTY-

FIVE THOUSAND DOLLARS, ($25,000.00), together with her costs expended herein,

including attorney's fees. Further, Plaintiff prays for punitive damages and for any other relief

this court deems just and proper.

COFMAN TOWNSLEY, L.L.P.

 David M. Nissenholtz, #22130
Todd R. Nissenholtz, #55049
200 South Hanley Road, Suite 1070
Clayton, MO 63105
(314) 621-2005
Fax   (314) 621-3118
dmn@cofmantownsley.com

Attorney for Plaintiff