**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE LINDSEY, | ) | |
| Plaintiff, | ) | No. 4:13-CV-1797 JAR |
| v. | ) | |
| HERBERT JACKSON, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Partially Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 5) and Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 10).[1] These motions are fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Jackie Lindsey ("Plaintiff") alleges that Harlan Jackson ("Jackson") was hired as a police officer, jailer, and/or auxiliary employee for the Uplands Park police department. (Fourth Amended Petition (hereinafter, "Petition" or "Pet."), ECF No. 4, ¶20). On or around March 24, 2007, Plaintiff states that Jackson pulled over Plaintiff and, having determined that she had outstanding traffic tickets, transported her to and detained her at the Uplands Park jail. (Pet., ¶¶23-27). Plaintiff alleges that Jackson sexually assaulted her at the jail. (Pet., ¶28). On August 28, 2008, Jackson pled guilty to one count of sexual contact with a prisoner, a class D felony, arising out of his March 24, 2007 sexual assault of Plaintiff. (Pet., ¶29).

[1] Defendants mistakenly failed to file a motion to dismiss. However, because both parties treated the Memorandum in Support as a motion and memorandum, the Court does likewise.

Thereafter, Plaintiff filed a Petition in State Court. On August 15, 2013, Defendants were served with the Fourth Amended Petition, which alleged claims under 42 U.S.C. §1983 for the first time. (ECF No. 1, ¶1; ECF No. 4). On September 13, 2013, Defendants removed this action to federal court based upon federal question jurisdiction. See 28 U.S.C. §§1331, 1441 and 1446.

In the instant Petition, Plaintiff alleges claims for negligence (Counts I, II, and III) and under 42 U.S.C. §1983 (Counts IV, V, and VI). In the motions to dismiss, Defendants claim that Counts I, II, and III of Plaintiff's Petition are barred by the doctrines of sovereign immunity, official immunity and the public duty doctrine and that Counts IV, V, and VI of Plaintiff's Petition are barred by the statute of limitations.

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008), citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. Motion to Dismiss Counts I, II, and III (ECF No. 5)

In Count I Plaintiff alleges a negligence claim against Police Chief for the Village of Uplands Park, Herbert Jackson (hereinafter "Chief Jackson"). In Count II Plaintiff alleges a negligence claim against the Village of Uplands Park. In Count III, Plaintiff alleges a claim against Kenneth Williams, Carmen McClendon, Charles Gamble, Henry Iwenofu, and Shirley Martin (collectively, "the Board of Trustees") for negligence. Defendants assert that these claims are barred by official immunity, the public duty doctrine, and sovereign immunity.

A. Official immunity

Defendants contend that Counts I and III of Plaintiff's Petition against the Board of Trustees and Chief Jackson are barred by official immunity. Official immunity is a "judicially-created doctrine protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." Southers v. City of Farmington, 263 S.W.3d 603, 610 (Mo. 2008), citing Davis v. Lambert–St. Louis Int'l Airport, 193 S.W.3d 760, 763 (Mo. banc 2006). "The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting in a ministerial capacity." Southers, 263 S.W.3d at 610, citing Kanagawa v. State, 685 S.W.2d 831, 835 (Mo. banc 1985), overruled on other grounds by Alexander v. State, 756 S.W.2d 539 (Mo. banc 1988). "Whether an act is discretionary or ministerial depends on the 'degree of reason and judgment required' to perform the act. Davis, 193 S.W.3d at 763, quoting Kanagawa, 685 S.W. 2d at 836. "An act is discretionary when it requires 'the exercise of reason in the adaption of

means to an end, and discretion in determining how or whether an act should be done or a course pursued.'" Davis, 193 S.W.3d at 763, quoting Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. banc 1984). "Conversely, a ministerial function is 'of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.'" Id. "To discern whether an act is ministerial or discretionary, the court looks to three factors: (1) the nature of the duties; (2) how much policymaking or professional expertise and judgment the act involves; and (3) the consequences of withholding immunity." Davis, 193 S.W.3d at 763, citing Kanagawa, 685 S.W.2d at 836. "[A] discretionary act, however, will not be protected by official immunity if the conduct is willfully wrong or done with malice or corruption." Southers, 263 S.W.3d at 610-11, citing Schooler v. Arrington, 106 Mo. Ct. App. 607 (1904).

Defendants contend that Plaintiff's claims of negligent hiring, retaining, supervising and training are barred by official immunity. (ECF No. 17, pp. 2-3, citing Southers, 263 S.W. 3d 603). First, Defendants maintain that their actions of hiring, retaining, supervising and inadequately training are discretionary and not ministerial acts. (ECF No. 6, pp. 3-4). As noted by Defendants, the Missouri Supreme Court held that a supervising officer could not be held liable for injuries sustained as a result of a subordinate officer's vehicular pursuit because "[t]heir conduct at issue involves highly discretionary supervisory and policy decisions that the doctrine is intended to shield." Southers, 263 S.W.3d at 621. Furthermore, Defendants assert that Plaintiff's Petition does not allege that Defendants acted in bad faith or with malice. (ECF No. 6, p. 4).

In response, Plaintiff contends that her claims in Counts I and III are based upon ministerial functions. (ECF No. 11, pp. 2-4, citing Pet., ¶¶13, 18, 19, 21, 27, 31). Specifically, Plaintiff contends that "[p]ermitting an individual to retain the commission of police officer, jailer and/or auxiliary personnel in violation of 590.195, R.S. Mo. is not a discretionary action that involves the exercise of professional judgment." (ECF No. 11, p. 4).

Plaintiff also contends that Defendants are not entitled to official immunity because their acts were reckless, willful and knowing. (ECF No. 11, pp. 5-6). Plaintiff asserts that her Petition alleges that Defendants' conduct was willful in ignoring the results of background and criminal checks (Pet., ¶31(d)), failing to undertake internal affairs investigations (Pet., ¶31(f)), and hiring police officers, jailers and auxiliary personnel without adequate background checks or pre-hire screenings (Pet., ¶31(k)).

Assuming all of Plaintiff's allegations as true (as the Court must), the Court finds that Plaintiff's Petition sufficiently alleges that Defendants' actions were reckless, willful and knowing such that application of official immunity would be improper. Plaintiff alleges that Defendants hired a violent criminal without the proper checks in violation of R.S. Mo. §590.070[2], failed to train that person, and allowed him to exercise unchecked authority as a police officer. The Court finds that this is sufficient to demonstrate willful and wanton conduct, particularly when Plaintiff alleges the alleged assault arose out of the failure to investigate, train,

---

[2] R.S.Mo. §590.070.1 provides "The chief executive officer of each law enforcement agency shall, within thirty days after commissioning any peace officer, notify the director on a form to be adopted by the director. The director may require the chief executive officer to conduct a current criminal history background check and to forward the resulting report to the director."

and supervise this employee.[3] Thus, the Court denies Defendants' Motion to Dismiss as to Counts I and III because they are not barred by official immunity.

B. Public Duty

"The public duty doctrine states that a public employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual." Southers, 263 S.W.3d at 611; Bishop v. Crawford, 1:11-CV-11-SNLJ, 2013 WL 4507797, at *5 (E.D. Mo. Aug. 23, 2013). "'[J]ust as the doctrine of official immunity will not apply to conduct that is willfully wrong or done with malice or corruption, the public duty doctrine will not apply where defendant public employees act in bad faith or with malice.'" Bishop, 2013 WL 4507797, at *5, citing Southers, 263 S.W.3d at 612.

Defendants contend that the public duty doctrine applies because Plaintiff cannot show that the Board of Trustees and Chief Jackson "had any direct contact with Plaintiff prior to or during the sexual assault incident alleged in her Fourth Amended Complaint[,]… [n]or were these Defendants involved in the sexual assault alleged by Plaintiff." (ECF No. 6, p. 5).

In response, Plaintiff maintains that the public duty doctrine does not apply because Defendants' conduct was knowing and deliberate and "directly caused the sexual assault perpetrated against her while in Defendants' custody." (ECF No. 11, p. 7).

---

[3] Defendants cite to the district court's opinion in Flora v. Moniteau County in support of finding official immunity. Flora v. Moniteau County, 05-4244-CV-C-NKL, 2006 WL 2707347, at *7 (W.D. Mo. Sept. 19, 2006); ECF No. 17, p. 4. That case, however, was decided on summary judgment and the Court held that "Plaintiffs' assertion [that the sheriff was entitled to official immunity because he failed to perform a ministerial duty in violation of Mo. Rev. Stat. 590.070.1] is [not] supported by the evidence[.]" Flora, 2006 WL 2707347, at *7. This case is different because it is before the Court on a motion to dismiss, and the Court must accept Plaintiff's allegations as true.

At this stage of the litigation, the Court finds that Plaintiffs allege that Defendants' actions were willfully wrong and, therefore, the public duty doctrine does not apply. Similar to the Court's analysis regarding official immunity, the Court finds that Defendants may have acted with malice, even though Defendants did not have any direct contact with Plaintiff. Plaintiff sufficiently alleges that Defendants' willfully allowed an unqualified and unvetted person to have unfettered authority as a police officer. For purposes of a motion to dismiss, the Court finds these allegations are sufficient to find that the public duty doctrine does not foreclose a negligence cause of action.

C. Sovereign Immunity

In the Motion to Dismiss, Defendants claim that Count II is barred by sovereign immunity. See Mo.Rev.Stat. §537.600.1; Richardson v. City of St. Louis, 293 S.W.3d 133, 136 (Mo. Ct. App. 2009)("Under Mo.Rev.Stat. §537.600, public entities enjoy sovereign immunity as it existed at common law prior to September 12, 1977, unless immunity is waived, abrogated, or modified by statute."); Maune ex rel. Maune v. City of Rolla, 203 S.W.3d 802, 804 (Mo. Ct. App. 2006). "Municipal corporations, such as the City, are 'public entities' entitled to sovereign immunity within the meaning of Section 537.600." Richardson, 293 S.W.3d at 136, citing Gregg v. City of Kansas City, 272 S.W.3d 353, 358 (Mo. Ct. App. 2008). "A municipality has sovereign immunity from actions at common law tort in all but four cases: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function (State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital, 843 S.W.2d 353, 358 (Mo. banc 1993)); and (4) to the extent the municipality has procured insurance, thereby waiving

sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy (section 537.610)." Bennartz v. City of Columbia, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009).[4]

Plaintiff alleges in her Petition that there is insurance coverage for Defendants. (Pet., ¶17). Defendants, however, assert that the insurance policy does not cover the type of negligence claims alleged by Plaintiff. (ECF No. 6, p. 6).[5] Defendants contend that the insurance policy only provides coverage for the two exceptions to sovereign immunity contained in Mo. Rev. Stat. §537.600(1) and (2) (operation of a motor vehicle during the course of employment and dangerous condition of the premises).

In response, Plaintiff maintains that her Petition alleges a "dangerous condition" based upon the physical condition of the Uplands Park jail. (ECF No. 11, pp. 7-9, citing Pet., ¶¶32-34). Plaintiff contends that the Defendants' property was a dangerous condition, particularly for female detainees, for several reasons: (1) the jail had no cameras, (2) it was located in the basement of a remote government building, completely isolated from public view and earshot, and (3) there was only a single entrance and exit at the top of a stairwell, allowing one to be easily trapped in the space. (ECF No. 11, pp. 8-9).

To constitute a dangerous condition the public entity's property must contain a physical defect. Kanagawa, 685 S.W. 2d at 835; Flora, 2006 WL 2707347, at *8. Although Plaintiff alleges that she was injured "as a direct and proximate result of the dangerous condition of the

---

[4] "A proprietary function is an act performed for the special benefit or profit of the municipality as a corporate entity, while a governmental function is an act performed by the municipality as an agent of the state, for the common good of all." Oliver v. Swon, 2:05CV38 JCH, 2006 WL 2505994, at *5, n.9 (E.D. Mo. Aug. 29, 2006).

[5] The Court may consider the insurance policy because it is referenced in the Petition. See Brogren v. Pohlad, 933 F. Supp. 793, 798 (D. Minn. 1995)("where a plaintiff chooses not to attach to the complaint, or incorporate by reference, a document upon which it relies, and is integral to the complaint, the defendant may produce such document in support of a motion to dismiss").

jail," the Court finds that Plaintiff "cannot reasonably claim that [her] injuries directly resulted from the physical structure which is the jail itself." Flora, 2006 WL 2707347, at *8. Rather, the assault was clearly the intervening cause of Plaintiff's injuries. See Faulkner v. Ensz, 109 F.3d 474, 476-77 (8th Cir. 1997)("'An intervening cause is a new and independent force which interrupts the chain of events initiated by the defendant's negligence in such a significant manner as to become the direct and proximate cause of the plaintiff's damages.'"), quoting Rodgers v. Czamanske, 862 S.W.2d 453, 458 (Mo.Ct.App.1993); Stroot v. Taco Bell Corp., 972 S.W.2d 447, 449 (Mo. Ct. App. 1998)("Where the plaintiff fails to prove a causal connection between the defendant's alleged negligence and plaintiff's injuries, the plaintiff may not recover damages."). Accordingly, the Court holds that sovereign immunity has not been waived, and Defendants' motion to dismiss is granted as to Count II.

**II. Motion to Dismiss Counts IV, V, and VI (ECF No. 10)**

In Count IV, Plaintiff alleges a cause of action against the Board of Trustees under §1983. In Count V, Plaintiff alleges a cause of action against Chief Jackson under §1983. In Count VI, Plaintiff alleges a cause of action against the Village of Uplands Park under §1983.

In the Motion to Dismiss regarding Counts IV, V, and VI, Defendants contend that Plaintiff's §1983 claims are barred by the applicable statute of limitations. Plaintiff was sexually assaulted on March 24, 2007 but did not bring her §1983 claims until the filing of her Fourth Amended Petition on August 15, 2013. (ECF No. 10, p. 3).[6] Defendants claim that Plaintiffs' claims are time-barred by the 5 year statute of limitations for §1983 actions.[7]

[6] It appears that Defendants were served with the Fourth Amended Petition on the same day it was filed in State Court.

[7] Section 1983 actions should be characterized as personal injury claims for purpose of applying appropriate state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Farmer v. Cook, 782 F.2d 780, 780 (8th Cir.1986); Sulik v. Taney Cnty.,

In response, Plaintiff claims that the filing of the Fourth Amended Petition should relate back to the filing of her Second Amended Petition under Fed.R.Civ.P. 15(c)(1)(b)[8] and Mo.R.Civ.P. 55.33(c).[9] (Plaintiff's Memorandum in Opposition to Defendants' Second Motion to Dismiss Plaintiff's Fourth Amended Complaint, ECF No. 12, pp. 3-6). Plaintiff contends that the Fourth Amended Petition should relate back to the filing of the Second Amended Petition (which was filed on March 6, 2012, prior to the running of the 5 year statute of limitations) because the allegations arose out of the same "conduct, transaction or occurrence." (ECF No. 12, pp. 5-6). Plaintiff alleges in both petitions "1) she was sexually assaulted while being detained at the Uplands Park police station, 2) her assailant, Harlan Jackson, was employed by the Uplands Park Police Department, 3) Harlan Jackson had dangerous proclivities when hired and Defendants knew or should have known of such proclivities when hired and Defendants knew or should have known of said proclivities, 4) Defendants negligently hired, retained, trained and supervised Jackson; and 5) Defendants negligently granted and/or retained the

Mo., 393 F.3d 765, 767 (8th Cir. 2005). Missouri has a five-year statute of limitations for personal injury actions, Mo.Rev.Stat. § 516.120(4) (2000). Sulik, 393 F.3d at 767. Accordingly, §1983 claims brought in Missouri are subject to 5–year statute of limitations. Farmer, 782 F.2d at 780; Sulik, 393 F.3d at 767.

[8] Fed.R.Civ.P. 15(c)(1)(B) provides, "An amendment to a pleading relates back to the date of the original pleading when: the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

[9] Mo.R.Civ.P. 55.33(c) provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

commission of police office to Harlan Jackson in violation of §590.195 RSMo." (ECF No. 12, p. 6).

Defendants claim that the Fourth Amended Petition should not relate back to the Second Amended Petition because the Second Amended Petition lacks any allegation that "her constitutional rights were violated when [D]efendants 'illegally and falsely arrested her, used excessive force,' and 'maintained policies, practices and customs demonstrating complete indifference' to her constitutional rights." (ECF No. 18, p. 2, citing Fourth Amended Petition, ECF No. 12-2, ¶70).

The Court finds that the allegations in the Second Amended Petition were sufficient to support a cause of action under §1983. The allegations in the Second Amended Petition clearly indicate that Jackson falsely arrested her and forcefully assaulted her. (ECF No. 12-1, *passim*). The allegations in the Second Amended Petition involve the same "conduct, transaction, or occurrence" and, therefore, the Fourth Amended Petition cannot be said to constitute a "new action." Plubell v. Merck & Co., Inc., 434 F.3d 1070, 1071 (8th Cir. 2006). Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's §1983 claims based upon the statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Partially Dismiss Plaintiff's Fourth Amended Complaint [5] is **GRANTED**, in part, and **DENIED**, in part. Count II of Plaintiff's Fourth Amended Petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Fourth Amended Complaint [10] is **DENIED**.

Dated this 17th day of December, 2013.

/s/ John A. Ross
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**